UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HAN TAK LEE, :
:
    Petitioner : No. 4:CV-08-1972
:
v. : (Judge Nealon)
:
FRANKLIN J. TENNIS, :
Superintendent, et al., :
:
    Respondents :

FILED
SCRANTON
JUL 1 6 2012
PER _____
DEPUTY CLERK

## MEMORANDUM and ORDER

Presently before the Court is Petitioner's Objection to Respondents' Partial Noncompliance with Discovery and Request for Appropriate Relief, in which Petitioner seeks a spoliation inference, as well as sanctions, for Respondents' alleged failure to preserve and produce discovery. (Doc. 35). For the reasons that follow, the motion will be denied.

## Background

On April 19, 2012, this Court granted Petitioner's unopposed motion for discovery. (Doc. 33). The Respondents' detailed disclosures were due on or before May 7, 2012. Id. On May 14, 2012, Respondents filed a Response to this Court's Order, indicating the items of physical evidence that are contained in the judicial vault at the Monroe County Courthouse, and are available for inspection. (Doc. 34). Respondents further reported that as to the gas chromatograms and associated chemical laboratory reports, the files of Fire Marshal Thomas Jones may still exist in the Monroe County District Attorney's file, but that "a diligent search of the District Attorney's off-site, long-term storage has not uncovered the Petitioner's file due to overfill at the storage site." (Id.).

On June 15, 2012, in response to Respondents' notice of available evidence, Petitioner filed the instant motion in which he requests this Court enter an Order:

a. Finding that the physical and documentary evidence necessary conclusively to establish petitioner Han Tak Lee's innocence no longer exists, and that the District Attorney is at fault in this regard;

b. Prohibiting the respondents from introducing evidence to oppose petitioner's claim that his conviction was based on unreliable evidence which fails to establish his guilt of any offense for which he was convicted;

c. Prohibiting the respondents from opposing petitioner's claim that his continued incarceration constitutes a miscarriage of justice and a violation of his right under the Fourteenth Amendment not to be deprived of his liberty without due process of law;

d. Granting the petitioner immediate enlargement from custody, on his own recognizance or under other appropriate conditions, pending resolution of this case; see Selby v. Scism, 2010 WL 3119916 *1 (M.D. Pa., Aug. 4, 2010) (Carlson, U.S.M.J.) (reviewing standards for bail/enlargement pending resolution of habeas corpus petition), citing Lucas v. Hadden, 790 F.2d 365, 367 (3d Cir. 1986); see also Landano v. Rafferty, 970 F.2d 1230, 1241 (3d Cir. 1992); and

e. Granting the requested writ of habeas corpus.

f. At the very least, this Court should enter an Order directing the Monroe County Court Administrator to package Trial Exhibits 40, 41 and 42 for delivery to Mr. Lentini (at petitioner's expense under the CJA) for nondestructive testing and the preparation of a report thereon; and

g. To confirm once and for all the existence or non-existence of the gas chromatograms created by former PSP Forensic Scientist Thomas A. Pacewicz in the investigation of this case, to ascertain the circumstances leading to the loss or destruction of this evidence if in fact the chromatograms no longer exist, and to determine the nature and extent of any efforts undertaken by the respondents to preserve, locate and produce this evidence, either:

    (i) Designate a United States Magistrate Judge to conduct an evidentiary hearing into these questions; or

    (ii) Authorize and order, pursuant to Habeas Rule 6(a), the issuance of and expedited response to interrogatories and requests for admissions to the District Attorney, and subpoenas duces tecum,

>returnable at a deposition, to the District Attorney and to appropriate officials of the Pennsylvania State Police.

(Doc. 35).

In response to Petitioner's motion, Respondents indicate that the Monroe County District Attorney's Office does not have the ability to provide the physical evidence to the defense as it is retained by the Court of Common Pleas, and that the Monroe County District Attorney's Office provided Petitioner with information on how to obtain access for inspection of the physical exhibits. (Doc. 36). Respondents further assert that as of the filing of their response, Petitioner had not made any attempt to examine the physical evidence or subject it to testing. Id.

Additionally, Respondents state that they have contacted the investigating Pennsylvania State Police barracks in Swiftwater, Pennsylvania, for all of the investigative documents retained on the present matter, and the Wyoming Laboratory of the Pennsylvania State Police, to seek any existing test results for the present matter in their files or the files in Harrisburg, and that after receipt of the same, the District Attorney will supply said documents to Petitioner. Id. As such, Respondents seek an enlargement of time within which to respond to Petitioner's discovery requests. Id.

**Discussion**

Federal Rule of Civil Procedure 37 provides for a wide range of sanctions that may be imposed for a party's failure to comply with discovery obligations, "including discretion to deem facts as established, bar evidence, strike or dismiss pleadings, enter a default judgment, and find a party in contempt." Wachtel v. Health Net, Inc., 239 F.R.D. 81, 84 (D.N.J. 2006); see also FED. R. CIV. P. 37(b)(2)(A)(vi). "The choice of the appropriate sanction is committed to the sound discretion of the district court." Hewlett v. Davis, 844 F.2d 109, 113 (3d Cir.1988). However, if a

3

district finds that sanctions are warranted, the Court must make factual findings to justify such an award. See Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc., 339 F.3d 180, 186-87 (3d Cir. 2003) (finding that the district court abused its discretion in imposing sanctions against defense counsel where the court made no explicit findings of misconduct, and the record did not support such a finding).

Rule 37(a) also requires that a party moving to compel discovery sanctions must first submit to the court "a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action." FED. R. CIV. P. 37(a)(2)(A). Similarly, Local Rule 26.3 requires that the moving party certify that it made a good faith effort to resolve the discovery dispute before seeking court action. M.D. Pa. L.R. 26.3.

Moreover, "[s]poliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." Mosaid Techs., Inc. v. Samsung Elecs. Co., Ltd., 348 F. Supp. 2d 332, 335 (D. N.J. 2004). The destruction or loss of evidence may warrant litigation sanctions. However, the mere loss of evidence does not warrant a sanction in every case.

The Third Circuit Court of Appeals has cautioned that when "determining whether a spoilation inference should be granted, the District Court must examine the following: (1) the degree of fault of the party who altered or destroyed the evidence, (2) the degree of prejudice suffered by the opposing party, and (3) whether there is a lesser sanction that will avoid substantial unfairness to the opposing party and serve as a deterrent." Griffith v. Mellon Bank, 2006 WL 584240, *3 (3d Cir. 2006) (citing Schmid v. Milwaukee Elec. Tool Corp., 13 F.3d 76, 79 (3d Cir.

1994)). A party seeking a spoliation inference must establish that the evidence in question was under the adverse party's control and that the evidence was destroyed intentionally, and not just lost or accidentally destroyed. Brewer v. Quaker State Oil Refining Corp., 72 F.3d 326, 334 (3d Cir. 1995). "No adverse inference can be drawn, therefore, from the mere fact of [a party's] inability to produce the records, absent evidence that they were intentionally concealed or destroyed." Harding v. CareerBuilder, LLC, 2006 WL 460896 (3d Cir. 2006).

Petitioner has failed to satisfy the requirements for a spoliation inference of for sanctions. Petitioner suggests, in a somewhat conclusory fashion and with essentially no evidentiary support, that Respondents should be sanctioned for failing to comply with discovery that has been conducted in this case. This Court disagrees.

First, as to the gas chromatograms, Respondents have acknowledged that while they do not have the gas chromatograms in their possession, they are attempting to secure any existing test results from the Wyoming Laboratory for the Pennsylvania State Police and the investigating Pennsylvania State Police barracks in Swiftwater, Pennsylvania. Thus, it appears that such evidence may still exist and be discoverable. Accordingly, Petitioner is not entitled to a spoliation inference at this stage, nor has Petitioner demonstrated that Respondents engaged in sanctionable conduct as part of discovery.

Furthermore, Petitioner has failed to certify that he has engaged in a good-faith effort to resolve the discovery dispute before bringing this motion. In fact, in response to Respondents' assertion that Petitioner has not made any attempt to examine the physical evidence or subject it to testing, Petitioner states that "to the contrary, upon receipt from the respondents of the list of existing evidence, undersigned counsel discussed extensively with our expert the sort of testing

that might now be undertaken on such items, and then discussed our expert's requirements with the Court Administrator who has custody of those exhibits" and "[t]he result was the motion we just filed requesting an Order for the release of those items to a qualified laboratory where our expert could safely and nondestructively test them, while maintaining a proper chain of custody in accordance with professional standards." (Doc. 37). Petitioner concludes that this Court "should order the Monroe County Court Administrator to package Trial Exhibits 40, 41 and 42 for delivery to Mr. Lentini (at petitioner's expense under CJA) for non-destructive testing and the preparation of a report thereon." (Doc. 35). Completely absent from Petitioner's argument and requests of this Court, is any certification of Petitioner's attempt to have the such evidence released to his expert and the denial of such request. Therefore, after review of Petitioner's filings, this Court concludes that Petitioner's counsel has failed to demonstrate a good faith effort has been made to obtain the discovery requests. Accordingly, Petitioner's motion to compel discovery will be denied.

Dated: July 16, 2012

*[signature]*
**United States District Judge**