UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HAN TAK LEE,                              :
                                          :
      Petitioner                          :    No. 4:CV-08-1972
                                          :
v.                                        :    (Judge Nealon)
                                          :
FRANKLIN J. TENNIS,                       :
Superintendent, et al.,                   :
                                          :
      Respondents                         :

FILED SCRANTON AUG -8 2014 PER ___ DEPUTY CLERK

**MEMORANDUM**

Presently pending is Magistrate Judge Martin C. Carlson's June 13, 2014 Report and Recommendation ("R&R") that the above-captioned petition for writ of habeas corpus be conditionally granted, that Lee's conviction and sentence be vacated, and that the Commonwealth be directed to either retry Lee within 120 days, or release him. (Doc. 80, Report and Recommendation at 44). The parties have filed objections to the R&R. (Docs. 82, 86). For the reasons set forth below, the R&R will be adopted, the petition for writ of habeas corpus will be conditionally granted, and the case will be closed.

**I.     Background**

The following background, as set forth by the United States Court of Appeals for the Third Circuit in Han Tak Lee v. Glunt, 667 F.3d 397 (3d Cir. 2012), is as follows:

### A. Convictions and Direct Appeals

Lee was convicted on September 17, 1990 after an eight-day jury trial during which Lee's attorney had argued that Lee's daughter was mentally ill and had set the fire as a suicidal act. Post-verdict motions were denied and Lee was sentenced to life without the possibility of parole. Lee appealed his convictions to the Superior Court of Pennsylvania, which remanded to the trial court for an evidentiary hearing on Lee's claims of ineffective assistance of counsel. During that hearing, the court received substantial evidence about developments in the field of fire science, including testimony from fire expert John J. Lentini.[1] This evidence provided ample reason to question the reliability of the arson investigation.

Nevertheless, the trial court held that Lee had failed to establish that trial counsel was ineffective despite, *inter alia*, trial counsel's failure to discredit the Commonwealth's expert witnesses or to argue that the fire was accidental. Lee filed a direct appeal in the Superior Court of Pennsylvania, arguing that trial counsel was ineffective. The Superior Court affirmed Lee's convictions and sentence, and the Pennsylvania Supreme Court denied allowance of an appeal.

### B. Post-Conviction Relief Act (PCRA)

In 1995, Lee filed a *pro se* petition for relief under the PCRA in the Court of Common Pleas of Monroe County, Pennsylvania. Inexplicably, the Commonwealth did not comply with the court's

---

[1] John J. Lentini has undergone extensive training in the field of fire investigation. He has published numerous articles on the subject and has provided expert testimony in over two hundred cases involving fires. He has testified in both civil and criminal cases for plaintiffs and defendants, and he has also served as an expert to advise the court. The Commonwealth does not challenge Lentini's qualification as an expert.

order to file a response, and the petition sat dormant until the attorney who is now representing Lee in this case requested leave to file an amended petition in 2001. Lee's attorney also requested an order granting access to evidence and scientific records that were in the possession of the state police. The District Attorney consented to this disclosure, but the PCRA judge refused to allow it, stating merely that it was "unduly burdensome on the State Police." App. at 103.

Lee's attorney filed an amended petition for relief under the PCRA in 2005, which argued that (1) Lee was entitled to a new trial because of exculpatory evidence (in the form of newly discovered scientific information about fires) that was unavailable at the time of trial, and (2) appellate counsel was ineffective in the direct appeal by failing to raise a claim of after-discovered exculpatory evidence in addition to the ineffective assistance claim he had raised. An affidavit from fire expert John J. Lentini explaining developments in fire science since the time of Lee's trial was attached to the amended petition.

The Court of Common Pleas held oral argument and ultimately denied the petition for PCRA relief. In affirming the denial of Lee's PCRA petition, the Superior Court of Pennsylvania concluded that the Lentini affidavit would be "used solely to impeach the Commonwealth's experts' credibility and to contradict their opinion that the fire was of incendiary origin." App. at 67. The court also "reject[ed] Lee's assertion that the Commonwealth's methodology [for arson investigation] was scientifically invalid" because Lentini's affidavit "merely challeng[ed] the varying degrees of significance that are attributed to the generally accepted components of arson investigation." App. at 72-73. Under Pennsylvania law, "[a] new trial may be granted on the theory of after discovered evidence only if the new evidence . . . [, *inter alia*,] will not be used solely for impeaching the credibility of a witness." App. at 66. This was the reason given by the Superior Court to deny relief on this claim. The Superior Court of Pennsylvania then denied Lee's application for

reconsideration or re-argument en banc, and the Supreme Court of Pennsylvania denied Lee's application for allowance of appeal.

## C. Federal Habeas

Lee filed a timely petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the District Court for the Middle District of Pennsylvania, arguing that (1) appellate counsel was ineffective, (2) Lee's due process rights were violated because his convictions were based on inaccurate and unreliable evidence, (3) Lee is incarcerated in violation of due process because newly developed scientific evidence shows that he is probably innocent of the crimes of which he was convicted and there is no other substantial evidence of guilt, and (4) trial counsel was ineffective. The District Court noted that "[t]he respondent concede[d] that Petitioner has exhausted his state court remedies," App. at 11, and the Commonwealth has conceded that Lee raised these federal issues in his state court proceedings. *See* Appellee's Br. 8 ("[A]ll of the appellant's claims have been heard by the state court system."); *see also Albrecht v. Horn*, 485 F.3d 103, 124 (3d Cir. 2007) ("Ultimately, the state post-conviction claim was not very different from the federal habeas claim [because the] essential factual and legal substance of the innocence/unreliable fire science claim was presented at both the trial and state Supreme Court levels.").

The District Court denied the petition for habeas relief, reasoning that "Lee's claim of newly discovered evidence is not cognizable under § 2254 because claims of actual innocence based on newly discovered evidence are never grounds for federal habeas relief absent an independent constitutional violation." App. at 15-16 (citations omitted). The District Court also concluded that no evidentiary hearing was warranted because "Lee's claims of newly discovered evidence were presented to the Pennsylvania Courts in his PCRA petition, and affirmed on appeal." *Id.* at 16. The District Court noted the Superior Court's conclusion that "the after-discovered evidence that would have been used solely for

4

> impeachment purposes [did] not warrant a new trial under
> Pennsylvania law." *Id.* at 17. The District Court also denied Lee's
> ineffective assistance claims.[2]
>
> Lee appealed. The Pennsylvania Innocence Project – a non-profit
> legal clinic housed at Temple University School of Law and
> dedicated to providing pro bono legal and/or investigative services
> to prisoners for whom evidence discovered post-conviction can
> provide conclusive proof of innocence – filed an amicus brief in
> this court, arguing that "the federal Constitution provides an
> avenue through [which] the truly innocent may obtain their
> freedom, notwithstanding the lack of any underlying constitutional
> violations." Amicus Br. at 2.

Han Tak Lee, 667 F.3d at 400-02.

Finding that Lee was entitled to further discovery regarding his claims concerning the invalidity of the prior fire science evidence submitted to the jury in this case, id. at 405, the United States Court of Appeals for the Third Circuit reversed the District Court's judgment, concluding that:

> If Lee's expert's independent analysis of the fire scene evidence –
> applying principles from new developments in fire science – shows that
> the fire expert testimony at Lee's trial was fundamentally unreliable, then
> Lee will be entitled to federal habeas relief on his due process claim.

Han Tak Lee, 667 F.3d at 407-08. In remanding for discovery and further evidentiary proceedings, the Court of Appeals defined the standard that Lee must meet to obtain

---

[2] Because Lee's request for a certificate of appealability was granted only as to the claims related to his alleged actual innocence, we do not address his ineffective assistance claims.

federal habeas corpus relief as follows:

> To succeed, Lee must show that the admission of the fire expert testimony "undermined the fundamental fairness of the entire trial," Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001), because "the probative value of [the fire expert] evidence, though relevant, is greatly outweighed by the prejudice to the accused from its admission." Bisaccia v. Attorney Gen., 623 F.2d 307, 313 (3d Cir. 1980) (quoting United States ex rel. Bibbs v. Twomey, 506 F.2d 1220, 1223 (7th Cir. 1974)).

Han Tak Lee, 667 F.3d at 403.

At the conclusion of Lee's post-conviction discovery, pursuant to 28 U.S.C. § 636(b)(1)(B), this matter was referred to Magistrate Judge Martin C. Carlson for an evidentiary hearing and the preparation of a Report and Recommendation, in accordance with the remand of the United States Court of Appeals for the Third Circuit. (Doc. 57, Order) (citing 28 U.S.C. § 636 (b)(1)). See also 28 U.S.C. Sec. 2255, Proc. R. 8(b) (stating that when an evidentiary hearing on a section 2255 motion is ordered, a "judge may, under 28 U.S.C. § 636(b), refer the motion to a magistrate judge to conduct hearings and to file proposed findings of fact and recommendations for disposition").

Magistrate Judge Carlson held an evidentiary hearing on May 29, 2014. (Doc. 77). On June 13, 2014, Magistrate Judge Carlson filed an R&R, recommending that the petition be conditionally granted, Lee's conviction and sentence be vacated, and

the Commonwealth be directed to either retry Lee within 120 days, or release him. (Doc. 80).

On June 27, 2014, Respondents filed objections to the R&R. (Doc. 82). On June 29, 2014, Petitioner filed a brief in opposition to Respondents' objections, (Doc. 85), as well as his own objections to the R&R. (Doc. 86).

For the purposes of judicial economy, this Court will not rehash the sound reasoning employed by the Magistrate Judge. Instead, only those objections to the Magistrate Judge's Report and Recommendation properly raised by the parties will be addressed.

## II.     Standard of Review

When objections to a report and recommendation have been filed under 28 U.S.C. § 636(b)(1)(C), the district court must make a <u>de novo</u> review of those portions of the report to which specific objections are made. See <u>Henderson v. Keisling</u>, 386 Fed. Appx. 164, 166 (3d Cir. 2010) (explaining that "only those 'specific objections' made by [the plaintiff] must be separately considered by the District Court"), <u>citing</u> <u>Goney v. Clark</u>, 749 F.2d 5, 67 (3d Cir. 1984) ("providing a complete <u>de novo</u> determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process"). The written objections must "specifically identify

the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local Rule 72.3. In the absence of specific objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. See Sanders v. Downs, 2013 U.S. Dist. LEXIS 89743, *8-9 (M.D. Pa. 2013) (Caputo, J.) (explaining that the court reviews those portions of the R&R to which specific objections are made de novo, while the "remainder of the R&R is reviewed for clear error"); Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. Local Rule 72.3. The court may, in the exercise of sound judicial discretion, rely on the magistrate judge's proposed findings and recommendations contained in the report. Id.

**III.   Discussion**

**A.   Respondents' Objections**

Respondents raise the following objections to the R&R:

1. The Report and Recommendation underplayed the strength of the Commonwealth's case in general.

8

    2.      The Report and Recommendation overstated the importance of the differences between the spectrographs for Lee's pants and shirt, and the jug and the glove found at the fire scene.

    3.      Han Tak Lee has not been exonerated by the new fire science evidence.

(Doc. 82, Objections). After review, it is concluded that none of these Objections warrant rejection of the R&R.

Federal Rule of Civil Procedure 72 provides that a party may serve and file "specific written objections to the proposed findings and recommendations." FED. R. CIV. P. 72. Local Rule of Civil Procedure 72.3 goes on to indicate that such written objections "shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. P.A. R. 72.3. In other words, an objecting party must identify specific errors in the Magistrate Judge's analysis without simply rehashing arguments already raised to the Magistrate Judge. As explained by one federal district court:

> If the magistrate system is to be effective, and if profligate wasting of judicial resources is to be avoided, the district court should be spared the chore of traversing ground already plowed by the magistrate except in those areas where counsel, consistent with the [Federal Rule of Civil Procedure], can in good conscience complain to the district judge that an objection to a particular finding or recommendation is "well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law ..." The federal procedural scheme thus

> calls for rifle-shot objections, and its legitimate purposes are frustrated by a vague gunshot blast ...

Sackall v. Heckler, 104 F.R.D. 401, 402–03 (D.R.I. 1984); see also Goney, 749 F.2d at 6 ("We are satisfied that providing a complete de novo determination where only a general objection to the report is offered would undermine the efficiency the magistrate system was meant to contribute to the judicial process.").

In his well-reasoned forty-five page R&R, Magistrate Judge Carlson determined, "and the parties concede– that substantial elements of what was once the Commonwealth's essentially undisputed proof of these elements can no longer withstand the scrutiny of science." (Doc. 80, R&R at 38). After a thorough analysis of the elements and the significant advancement in fire science directed at the testing these elements, the Magistrate Judge found that Lee had met the standard to show "that the admission of the fire expert testimony 'undermined the fundamental fairness of the entire trial ... because 'the probative value of [the fire expert] evidence, though relevant, is greatly outweighed by the prejudice to the accused from its admission." (Doc. 80, R&R at 43) (brackets in original), quoting Han Tak Lee, 667 F.3d at 403.

Respondents' objections do not challenge the Magistrate Judge's findings. Specifically, the first two objections are based solely on Respondents' disagreement with the Magistrate Judge's characterization of the evidence in the case. They

contain no citation to the R&R whatsoever and have no basis in, or citation to, law or fact contained in the R&R to be called into question. Thus, it is apparent that Respondents have failed to explain with the requisite level of specificity why the Magistrate Judge erred. To effectively object to conclusions concerning facts, the objecting party should point to the relevant facts that were overlooked or misstated by the Magistrate Judge. Because Respondents fail to do so, the facts as stated in the Report will be assumed to accurately describe the facts as viewed in the light most favorable to Petitioner.

To effectively object to a report's legal conclusions, the objecting party should explain why the cases or statutes the magistrate judge relies on are inapt or do not control. The objecting party should point out why the magistrate judge misapprehends cited law. The party should then cite to the law it believes to control, but should not stop there. The party should describe why—when applied to the facts of its case—this law dictates a different outcome. Respondents have failed to do this. As such, Respondents' first and second objections fail to set forth any basis to disturb the Report and Recommendation.

With respect to Respondents' third objection that Lee's "actual innocence has not been established", (Doc. 82, p. 3), aside from this issue not being discussed anywhere in the Magistrate Judge's R&R, the United States Court of Appeals has

already determined that "Lee's allegations, if proven, would be sufficient to establish a due process violation" and, "[t]herefore, we need not decide whether Lee's allegations meet the 'extraordinarily high' threshold for granting federal habeas relief based on a freestanding claim of actual innocence." Han Tak Lee, 667 F.3d at 403 n.5. Accordingly, Lee's "actual innocence" is not a prerequisite for federal habeas corpus relief in this action, and Respondents' third objection will also be denied.

**B.** **Petitioner's Objections**

Petitioner makes the following objections:

1. The Magistrate Judge fails and refuses to draw a spoliation inference from the mis-filing and subsequent unexplained disappearance of the original gas chromatograms created by the Commonwealth lab chemist Thomas Pacewicz.

2. Petitioner objects to the Recommendation that a conditional writ be issued, allowing the Commonwealth 120 days to bring Mr. Lee to trial again.

(Doc. 86).

Petitioner challenges the Magistrate Judge's declination for a spoliation inference. He claims that Respondents' prior statement of two (2) years ago, that "it appears that such evidence may still exist and be discoverable" has "since been disavowed" when "Respondent's counsel later judicially admitted that the respondents 'lost' the original chromatograms in this case after placing them in the

District Attorney E. David Christine's own file, rather than in the State Police file or the evidence vault, where they belonged." (Doc. 86, Objections at 3). Petitioner takes issue with the fact that Attorney Christine "has never submitted an affidavit or appeared personally in court to explain the disappearance of this critical evidence." Id.

There are four elements the plaintiff must show in order to demonstrate the defendants are culpable for spoliation: (1) the evidence was in the defendants' control; (2) the evidence is relevant to the claims at issue; (3) there was actual suppression or withholding of that relevant evidence; and (4) the duty to preserve evidence in light of reasonably foreseeable litigation. Bull v. United Parcel Service, Inc., 665 F.3d 68, 73–74 (3d Cir. 2012). A party seeking a spoliation inference must establish that the evidence in question was under the adverse party's control and that the evidence was destroyed intentionally, and not just lost or accidently destroyed. Brewer v. Quaker Stat Oil Refining Corp., 72 F.3d 326, 334 (3d Cir. 1995). "No adverse inference can be drawn, therefore, from the mere fact of [a party's] inability to produce the records, absent evidence that they were intentionally concealed or destroyed." Harding v. CareerBuilder, LLC, 2006 WL 460896 (3d Cir. 2006).

By Memorandum and Order dated July 16, 2012, this issue of spoliation was addressed and its was determined that because, at that time, "it appear[ed] that such

evidence may still exist and be discoverable...Petitioner is not entitled to a spoliation inference at this stage, nor has Petitioner demonstrated that Respondents engaged in sanctionable conduct as part of discovery." (Doc. 38, Memorandum at 5).

Petitioner now argues that since the issuance of this Court's July 16, 2012 Order, Respondents have 'judicially admitted that the respondents 'lost' the original chromatograms." (Doc. 86, Objections at 3).

Magistrate Judge Carlson, relying on Bull, succinctly addressed Petitioner's argument. (Doc. 80, R&R at 27). The Magistrate Judge determined that "while we acknowledge the loss of this important evidence some two decades after Lee's conviction, we find nothing intentional or culpable about this loss, which the Commonwealth has candidly acknowledged," as well as, "has acted with great candor, conceding the collapse of its prior fire science evidence, diligently searching for items of evidence, and cooperating in the testing of the remaining evidence." Id. After review, this determination will be adopted. Consequently, Petitioner's first objection will be overruled.

Petitioner next objects to Magistrate Judge Carlson's recommendation that a conditional writ be issued, allowing the Commonwealth 120 days to bring Mr. Lee to trial again. (Doc. 86, Objections at 5). He argues that normally a conditional, rather than an absolute writ, is appropriate where the basis for habeas relief is a due process

violation or other fundamental procedural unfairness at trial, rather than, for example, an insufficiency of evidence.[3] Id.

To the extent that the Court of Appeals remanded this action with the determination that "if Lee's expert's independent analysis of the fire scene evidence...shows that the fire expert testimony at Lee's trial was fundamentally unreliable, then Lee will be entitled to federal habeas relief on his due process claim", this Court finds that Magistrate Judge Carlson's recommendation of a conditional grant of the writ purports with Petitioner's suggestion that normally a conditional grant is issued where the basis for habeas corpus relief is a due process violation. Petitioner's second objection will be overruled.

A separate Order will be issued.

Date: August 7, 2014

*[signature]*
**United States District Judge**

---

[3] In support of his argument, Petitioner also relies on a June 13, 2014 article in the *Allentown Morning Call*, in which District Attorney David Christine is quoted as saying that "he will continue to defend the jury's verdict, but conceded that if the recommendation is upheld, there will be no new trial." See (Doc. 86, Objections at 5). Because this article was not raised before, and considered by, the Magistrate Judge in his R&R, there is no basis for review or consideration by this Court. Winters v. Folino, 2012 WL 2812193 (M.D. Pa. July 10, 2012), citing Murr v. United States, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (collecting cases and noting that "absent compelling reasons, [the Magistrate Judge Act] does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate").