## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HAN TAK LEE,** | : | **Civil No. 4:08-CV-1972** |
| | : | |
| **Petitioner** | : | **(Judge Nealon)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **KEN CAMERON,** | : | |
| **Superintendent, et al.,** | : | |
| | : | |
| **Respondents** | : | |

## MEMORANDUM

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

This matter comes before the court for consideration of an uncontested motion for bail pending further litigation of a federal habeas corpus petition filed by the petitioner, Han Tak Lee. The background of this litigation is as follows:  In 1990, Han Tak Lee was convicted in the Court of Common Pleas of Monroe County of arson and murder in connection with the death of his daughter, Ji Yun  Lee, in a cabin fire at a religious retreat. At the time of his initial state criminal prosecution in 1989 and 1990, the Commonwealth had released Lee on bail pending trial, bail conditions that reportedly included a $50,000 bond. Lee appears to have complied with these bail conditions, and no violations of this original state bail have been reported to the court.

1

Lee's 1990 trial and conviction was based, to a substantial degree, upon scientific evidence concerning the source and origin of this fire, and Lee's federal habeas corpus petition challenged this conviction on due process grounds, arguing that the validity of this fire science evidence had been undermined by sweeping developments in the state of human knowledge regarding fire science in the 24 years that have passed following Lee's conviction. In particular, the petitioner has contended that the current science in this field has revealed the invalidity of this evidence presented at Lee's 1990 trial and "that the admission of the fire expert testimony 'undermined the fundamental fairness of the entire trial,' Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001), because 'the probative value of [the fire expert] evidence, though relevant, is greatly outweighed by the prejudice to the accused from its admission.' Bisaccia v. Attorney Gen., 623 F.2d 307, 313 (3d Cir.1980) (quoting United States ex rel. Bibbs v. Twomey, 506 F.2d 1220, 1223 (7th Cir.1974))." Han Tak Lee v. Glunt, 667 F.3d 397, 403 (3d Cir. 2012).

Initially, this petition was denied by this court. Lee then appealed this decision to the United States Court of Appeals for the Third Circuit, which reversed this judgment, and remanded this case for discovery and further evidentiary proceedings. Han Tak Lee v. Glunt, 667 F.3d 397 (3d Cir. 2012). That appellate decision defined the law of the case, and charted the course of this litigation. In its ruling, the court of

appeals concluded that Lee was entitled to further discovery regarding his claims

concerning the invalidity of the prior fire science evidence submitted to the jury in this

case. Id. at 405. The court of appeals also defined standard for federal habeas corpus

relief in this matter, stating that:

> To succeed, Lee must show that the admission of the fire expert testimony
> "undermined the fundamental fairness of the entire trial," Keller v.
> Larkins, 251 F.3d 408, 413 (3d Cir.2001), because "the probative value
> of [the fire expert] evidence, though relevant, is greatly outweighed by the
> prejudice to the accused from its admission." Bisaccia v. Attorney Gen.,
> 623 F.2d 307, 313 (3d Cir.1980) (quoting United States ex rel. Bibbs v.
> Twomey, 506 F.2d 1220, 1223 (7th Cir.1974)).

Han Tak Lee v. Glunt, 667 F.3d 397, 403 (3d Cir. 2012).

Guided by this mandate, we then both oversaw post-conviction discovery, and

conducted an evidentiary hearing aimed at resolving any remaining factual issues in

this case. At the conclusion of these proceedings, we recommended that the petition

for writ of habeas corpus be conditionally granted and that this matter be remanded to

the Court of Common Pleas of Monroe County with instructions to provide Lee with

a new trial on these charges, finding that Lee had "show[n] that the admission of the

fire expert testimony 'undermined the fundamental fairness of the entire trial,' Keller

v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001), because 'the probative value of [the fire

expert] evidence, though relevant, is greatly outweighed by the prejudice to the

accused from its admission.' Bisaccia v. Attorney Gen., 623 F.2d 307, 313 (3d

Cir.1980) (quoting <u>United States ex rel. Bibbs v. Twomey</u>, 506 F.2d 1220, 1223 (7th Cir.1974)).” <u>Han Tak Lee v. Glunt</u>, 667 F.3d 397, 403 (3d Cir. 2012). On August 8, 2014, the district court adopted this Report and Recommendation, vacated Lee’s conviction, and directed that the Commonwealth of Pennsylvania elect to either re-try or release Lee within 120 days. (Doc. 93.) That order remains under review by the Respondents, who are determining whether to appeal this decision, re-try Lee, or resolve both to appeal this decision and then conduct a retrial of this matter, if necessary, following any appeal.

Following the entry of this order, the petitioner filed a motion for bail pursuant to Rule 23 of the Federal Rules of Appellate Procedure. (Doc. 94.) The district court directed the Commonwealth to respond to this bail motion within three days if it opposed bail for Lee, ( Doc. 95), and the Commonwealth elected not to oppose this motion for bail. This matter was then referred to the undersigned to set bail conditions for Lee’s release, in light of the fact that the Commonwealth has not opposed bail for the petitioner while this habeas corpus litigation continues.

With respect to this motion for bail, while the petitioner has proceeded without objection by the Commonwealth to seek bail pursuant to Rule 23(a) of the Federal Rules of Appellate Procedure, we also note that settled case law has long recognized that the power to order bail in habeas proceedings is a legal and logical concomitant

of the court's habeas corpus jurisdiction. In fact, our authority to act in these matters

has been carefully defined by the courts which have held generally in habeas corpus

matters that the court may consider bail motions and have prescribed legal standards

for such relief, stating that:

> [C]ourts that have been faced with requests for bail [in connection with a habeas petition] have developed standards requiring that a habeas petitioner (1) make out a clear case for habeas relief on the law and facts, or (2) establish that exceptional circumstances exist warranting special treatment, or both. See, e.g., Eaton v. Holbrook, 671 F.2d 670, 670 (1st Cir.1982); Iuteri v. Nardoza, 662 F.2d 159, 161 (2d Cir.1981); Calley v. Callaway, 496 F.2d 701, 702 (5th Cir.1974).

Lucas v. Hadden, 790 F.2d 365, 367 (3d Cir. 1986).

Moreover, applying these settled principles, federal magistrate judges have, in

the past, conducted habeas corpus petition bail hearings of the type contemplated in

this case and entered bail orders in these cases. See D'Allessandro v. Mukasey, No. 08-

914, 2009 WL 799957 (W.D.N.Y. March 25, 2009)( bail proceeding, habeas petition,

immigration detention).

In considering conditions of release in this case, pending completion of the

litigation of this habeas corpus petition, we make the following findings:

First, we find that the Commonwealth has not opposed this petition for release

on bond.

Second, we find that, at the time of the petitioner's initial prosecution on these arson and murder charges, he was, in fact, released by the state court on bail pending trial. Furthermore, there is no indication by the Commonwealth that the petitioner ever violated those bail conditions initially set in his state case, and it appears that throughout the initial state court proceedings Lee appeared for court as required.

Third, we find that Lee has no prior criminal record except for the state conviction which has now been vacated by the court.

Fourth, we find that Lee's institutional conduct history during the past 24 years that he has been held in the custody of the Pennsylvania Department of Corrections is largely unremarkable. Over the past quarter of a century Lee has been found to have violated prison rules on only 8 occasions resulting in disciplinary sanctions, principally for relatively minor prison infractions.

Fifth, we find that the petitioner has the support of Kyung Sohn, and others, who have prepared and stand ready to implement a program for housing, care, treatment and oversight of the petitioner while this matter remains pending in the courts.

Sixth, we find that Kyung Sohn is prepared to serve as a third party custodian, and is capable of serving as a third party custodian, ensuring the petitioner's compliance with bail conditions, and reporting any violations of bail to the court.

6

Seventh, conclude that Lee has shown that "'extraordinary circumstances exist[]

that make the grant of bail necessary to make the habeas remedy effective.' Iuteri, 662

F.2d at 161; see also Grune, 913 F.2d at 44." Mapp v. Reno, 241 F.3d 221, 230 (2d Cir.

2001).   In this regard, we note that the relief Lee seeks from this court is narrow,

specific and precise: he seeks bail while litigation of his federal habeas corpus petition

and related state criminal case proceeds. We have already concluded, consistent with

the prior mandate and guidance of the United States Court of Appeals for the Third

Circuit, that Lee is entitled to federal habeas corpus relief since he has "show[n] that

the admission of the fire expert testimony 'undermined the fundamental fairness of the

entire trial,' Keller v. Larkins, 251 F.3d 408, 413 (3d Cir.2001), because 'the probative

value of [the fire expert] evidence, though relevant, is greatly outweighed by the

prejudice to the accused from its admission.' Bisaccia v. Attorney Gen., 623 F.2d 307,

313 (3d Cir.1980) (quoting United States ex rel. Bibbs v. Twomey, 506 F.2d 1220,

1223 (7th Cir.1974))." Han Tak Lee v. Glunt, 667 F.3d 397, 403 (3d Cir. 2012).  The

district court has adopted this finding, vacated Lee's conviction, and ordered a new

trial in this case. Given the fact that Lee has been incarcerated for the past 24 years,

and that further significant delays may arise in this litigation if the Commonwealth

appeals the decision, or elects to pursue these charges further, we find that

"'extraordinary circumstances exist[] that make the grant of bail necessary to make the

habeas remedy effective.' <u>Iuteri</u>, 662 F.2d at 161; <u>see also Grune</u>, 913 F.2d at 44." <u>Mapp v. Reno</u>, 241 F.3d 221, 230 (2d Cir. 2001).

Finally, consistent with the findings set forth in our Report and Recommendation in this case, which has been adopted by the district court, we also conclude that the petitioner has "ma[d]e out a clear case for habeas relief on the law and facts, . . . . <u>See, e.g., Eaton v. Holbrook</u>, 671 F.2d 670, 670 (1st Cir.1982); <u>Iuteri v. Nardoza</u>, 662 F.2d 159, 161 (2d Cir.1981); <u>Calley v. Callaway</u>, 496 F.2d 701, 702 (5th Cir.1974)." <u>Lucas v. Hadden</u>, 790 F.2d 365, 367 (3d Cir. 1986). Therefore, the petitioner has satisfied both of the legal elements necessary for bail consideration in this setting by: (1) making out a clear case for habeas relief on the law and facts, and (2) establishing that exceptional circumstances exist warranting special treatment. <u>Lucas v. Hadden</u>, 790 F.2d 365, 367 (3d Cir. 1986).

Having made these findings we conclude that there are conditions of release that will reasonably ensure both the safety of the community, and Lee's appearance at future proceedings. These reasonable, and individually tailored, release conditions which we find appropriate are as follows:

The petitioner must not violate federal, state, or local law while on release.

The petitioner must advise the court in writing before making any change of residence or telephone number.

The petitioner must appear as required and must surrender as directed, if necessary.

The petitioner shall surrender any passport to the Clerk, U.S. District Court, and shall not obtain a passport or other international travel document without the prior approval of the court.

The petitioner must abide by the following restrictions on personal association, residence, or travel: The petitioner's travel will be restricted to Pennsylvania, New Jersey and New York.

The petitioner must not possess a firearm, destructive device, or other weapon.

The petitioner shall execute an unsecured appearance bond in the amount of $50,000.

The petitioner will be released to the custody of a third-party custodian, Kyung Sohn, who must certify that he will ensure the petitioner's compliance with these bail conditions, and immediately report any violation of these conditions.

Having made these findings, an appropriate order shall issue.

So ordered this 22d day of August, 2014.


_S/Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge