**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **HAN TAK LEE,** | : | **Civil No. 4:08-CV-1972** |
| | : | |
| **Petitioner** | : | **(Judge Nealon)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| **KEN CAMERON,** | : | |
| **Superintendent, et al.,** | : | |
| | : | |
| **Respondents** | : | |

**REPORT AND RECOMMENDATION**

## I. Procedural Background and History

This matter comes before the court for consideration of a motion for indicative ruling filed by the petitioner, (Doc. 107), which has been opposed by respondents (Doc. 108). The background of this litigation is as follows: In 1990, Han Tak Lee was convicted in the Court of Common Pleas of Monroe County of arson and murder in connection with the death of his daughter, Ji Yun Lee, in a cabin fire at a religious retreat. Lee's 1990 trial and conviction was based, to a substantial degree, upon scientific evidence concerning the source and origin of this fire, and Lee's federal habeas corpus petition challenged this conviction on due process grounds, arguing that the validity of this fire science evidence had been undermined by sweeping developments in the state of human knowledge regarding fire science in the 24 years

that have passed following Lee's conviction. In particular, the petitioner has contended that the current science in this field has revealed the invalidity of this evidence presented at Lee's 1990 trial and "that the admission of the fire expert testimony 'undermined the fundamental fairness of the entire trial,' Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001), because 'the probative value of [the fire expert] evidence, though relevant, is greatly outweighed by the prejudice to the accused from its admission.' Bisaccia v. Attorney Gen., 623 F.2d 307, 313 (3d Cir.1980) (quoting United States ex rel. Bibbs v. Twomey, 506 F.2d 1220, 1223 (7th Cir.1974))." Han Tak Lee v. Glunt, 667 F.3d 397, 403 (3d Cir. 2012).

Initially, this petition was denied by this court. Lee then appealed this decision to the United States Court of Appeals for the Third Circuit, which reversed this judgment, and remanded this case for discovery and further evidentiary proceedings. Han Tak Lee v. Glunt, 667 F.3d 397 (3d Cir. 2012). That appellate decision defined the law of the case, and charted the course of this litigation. In its ruling, the court of appeals concluded that Lee was entitled to further discovery regarding his claims concerning the invalidity of the prior fire science evidence submitted to the jury in this case. Id. at 405. The court of appeals also defined standard for federal habeas corpus relief in this matter, stating that:

> To succeed, Lee must show that the admission of the fire expert testimony "undermined the fundamental fairness of the entire trial,"

> Keller v. Larkins, 251 F.3d 408, 413 (3d Cir.2001), because "the probative value of [the fire expert] evidence, though relevant, is greatly outweighed by the prejudice to the accused from its admission." Bisaccia v. Attorney Gen., 623 F.2d 307, 313 (3d Cir.1980) (quoting United States ex rel. Bibbs v. Twomey, 506 F.2d 1220, 1223 (7th Cir.1974)).

Han Tak Lee v. Glunt, 667 F.3d 397, 403 (3d Cir. 2012).

Guided by this mandate, we then both oversaw post-conviction discovery, and conducted an evidentiary hearing aimed at resolving any remaining factual issues in this case. At the conclusion of these proceedings, we recommended that the petition for writ of habeas corpus be conditionally granted and that this matter be returned to the Court of Common Pleas of Monroe County with instructions to provide Lee with a new trial on these charges, finding that Lee had "show[n] that the admission of the fire expert testimony 'undermined the fundamental fairness of the entire trial,' Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001), because 'the probative value of [the fire expert] evidence, though relevant, is greatly outweighed by the prejudice to the accused from its admission.' Bisaccia v. Attorney Gen., 623 F.2d 307, 313 (3d Cir.1980) (quoting United States ex rel. Bibbs v. Twomey, 506 F.2d 1220, 1223 (7th Cir.1974))." Han Tak Lee v. Glunt, 667 F.3d 397, 403 (3d Cir. 2012). On August 8, 2014, the district court adopted this Report and Recommendation, vacated Lee's conviction, and directed that the Commonwealth of Pennsylvania elect to either re-try or release Lee within 120 days. (Doc. 93.) The respondents have appealed this ruling,

and this matter is currently pending before the United States Court of Appeals for the Third Circuit. (Doc. 105.) This court, in turn, has ordered the release of the petitioner on bail conditions pending the resolution of this litigation on appeal. (Docs. 101-104.)

It is against this background that the petitioner has filed a motion for indicative ruling, which invites us to file an indicative ruling that we would make the decision conditionally granting of this writ absolute if the court of appeals were to temporarily relinquish jurisdiction. (Doc. 107.) In support of this motion, the petitioner avers that the entry of such an indicative ruling would be helpful to the appellate court since "an alteration of the district court's judgment might either moot or aid the appeal by providing for an 'indicative ruling' under which this Court can state that if the case were temporarily remanded to it for this purpose, it would grant the requested relief." (Doc. 107, p. 4.) In particular, the petitioner invites us to issue an indicative ruling which would provide that: "Respondents may continue their appeal, but if they do not prevail in that appeal, Mr. Lee will be absolutely free and will not be subject to retrial under the now-expired conditional aspect of the writ." (Id., pp. 3-4.) According to Lee's motion "such an order would actually be in aid of those proceedings [before the Court of Appeals], as it would clarify and update what is now at stake on appeal." (Id., p. 5.) The respondents have now filed a response to this motion, opposing the petitioner's request that we issue an indicative ruling stating that the respondents

should be now denied the potential opportunity to retry this case if our ruling is affirmed on appeal. (Doc. 108.)

For the reasons set forth below, it is recommended that the district court follow one of the courses expressly provided for by Rule 62.1 and defer any ruling on this matter until such time, if any, that the court of appeals remands this question to us for an indicative ruling.

## II. Discussion

Rule 62.1 of the Federal Rules of Civil Procedure establishes a procedure for indicative rulings by the district court regarding matters which are currently pending appeal. That rule provides, in pertinent part, as follows:

> (a) Relief Pending Appeal. If a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:
>
> (1) defer considering the motion;
>
> (2) deny the motion; or
>
> (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue.
>
> (b) Notice to the Court of Appeals. The movant must promptly notify the circuit clerk under Federal Rule of Appellate Procedure 12.1 if the district court states that it would grant the motion or that the motion raises a substantial issue.
> (c) Remand. The district court may decide the motion if the court of appeals remands for that purpose.

Fed. R. Civ. P. 62.1.

There is a paucity of case law construing Rule 62.1, which was enacted in 2009, but existing case law and commentary indicates that:

> Rule 62.1 codifies the procedure most courts used to address Rule 60(b) motions to vacate final judgments which had already been appealed. See Fed.R.Civ.P. 62.1 advisory committee's note; 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2911 (3d ed.). However, nothing in Rule 62.1's language limits its application to Rule 60(b) motions or to motions made after final judgment. The Advisory Committee's note confirms that it "adopts for any motion that the district court cannot grant because of a pending appeal the practice that most courts follow when a party makes a Rule 60(b) motion to vacate a judgment that is pending on appeal." Fed.R.Civ.P. 62.1 advisory committee's note (emphasis added); see also Idaho Bldg. and Constr. Trades Council, AFL–CIO v. Wasden, 11 Civ. 253(BLW), 2013 WL 1867067, at *3 (D.Idaho May 1, 2013). The drafting history of Rule 62.1 reveals that "[t]he new [Rule 62.1] provisions were originally drafted as an addition to Rule 60, addressing only relief under Rule 60 pending appeal," but "the proposal was broadened to include all circumstances in which a pending appeal ousts district-court authority to grant relief." Report of the Civil Rules Advisory Committee, Dec. 12, 2006 at 14.

Ret. Bd. of Policemen's Annuity & Ben. Fund of City of Chicago v. Bank of New York Mellon, 297 F.R.D. 218, 221 (S.D.N.Y. 2013). Applying the exacting standards adopted by courts when considering Rule 60(b) to motions to vacate, courts construing motions for indicative rulings under Rule 62.1 have rarely found such rulings to prudential or helpful to the court of appeals. Id. Instead, courts have acknowledged, consistent with the language of the rule itself, that in the exercise of

its authority under Rule 62.1: "[t]he district court may defer or deny the motion." In re Checking Account Overdraft Litig., 754 F.3d 1290, 1297 (11th Cir. 2014).

In this case, Lee's counsel suggests that an indicative ruling unconditionally granting this writ "would actually be in aid of those proceedings [before the Court of Appeals], as it would clarify and update what is now at stake on appeal." (Doc. 107, p. 5.) Given this stated purpose for an indicative ruling, we conclude that such a ruling would not be prudential at this time for at least five reasons.

First, we have confidence that the court of appeals is fully cognizant of the stakes in this litigation, both for Lee and for the Commonwealth. Indeed, in its prior opinion remanding this matter to us for further action the appellate court spoke eloquently to the issues at stake in this case. See Han Tak Lee v. Glunt, 667 F.3d 397 (3d Cir. 2012).

Second, we believe that our prior ruling, which is embodied in both the decision of the district court and the Report and Recommendation filed by the undersigned, plainly describe what is at stake in this case for all parties. Therefore, a further elucidation by us of the issues and stakes of this petition for Lee, the Commonwealth and the Court of Appeals is unnecessary.

Third, we find that caution in issuing an indicative ruling is particularly appropriate here, since the indicative ruling which petitioner invites us to enter would

actually change the relief granted to Lee. Instead of simply ordering the Commonwealth to elect between a retrial of Lee or his release, the indicative ruling requested by the petitioner would now actually mandate Lee's unconditional release if our decision was affirmed on appeal. We conclude that unilateral expressions on our part, suggesting that the relief to be granted in this case should now change, would not aid in the resolution of this appeal. Rather, such unilateral expressions might actually complicate, confuse and prolong these proceedings, since the court of appeals would now have to consider both the positions of the litigants and two separate orders from this court granting somewhat different forms of relief to the petitioner.

Fourth, an indicative ruling may be entirely unnecessary on the facts of this case for yet another reason. As the petitioner has aptly noted in the past, at various times the respondents have previously announced that they would not re-try this case if the decision conditionally granting this writ was to be affirmed on appeal. Given these past public pronouncements by the respondents, an indicative ruling by us addressing this question seems neither necessary nor appropriate. Instead, this question seems to have been answered by respondents, who have publicly stated in the past that they will not retry Lee if this decision is affirmed on appeal.[1]

---

[1]If there remains some material ambiguity on this issue, petitioner should perhaps seek further clarity on this question from respondents in the course of the pending appeal. Furthermore, nothing would prevent the appellate court itself from

Finally, we are confident that, if the court of appeals deemed an indicative ruling to be of aid to it, the court would direct a remand to us for that purpose. See Fed. R. App. P. 12.1; Fed. R. Civ. P. 62.1(c). We would then stand ready, at the direction of the appellate court, to issue such an indicative ruling.

In sum, since the court of appeals is already fully conversant with the issues at stake in this appeal, our views on those issues have been fully articulated in our prior rulings, alteration of those views could prolong these proceedings, and the appellate court may always remand this matter to us for an indicative ruling if the court of appeals deems such a ruling to be helpful, prudential considerations would all seem to suggest that the proper course for us to follow would be one expressly provided for by Rule 62.1; namely, we should defer a ruling on the motion, Fed. R. Civ. P. 62.1(a)(1), pending such time, if any, that the court of appeals concludes that an indicative ruling would be of aid to it, and remands the case to us for that purpose, Fed. R. Civ. P. 62.1(c).

## III. Recommendation

For the foregoing reasons, IT IS RECOMMENDED that the court DEFER a

---

securing greater clarity on this question during the course of this appeal. However, any lurking ambiguity on this question would not, in our view, be further illuminated by an indicative ruling by this court, an indicative ruling which would simply add an additional layer of complexity to these protracted proceedings.

ruling upon the petitioner's motion for indicative ruling, (Doc. 107), pursuant to Rule 62.1(a) (1) until such time, if any, that the court of appeals remanded the case for such a ruling.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 15th day of December, 2014.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge