IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HAN TAK LEE,  :
    Petitioner  :
    :  CIVIL NO. 4:08-CV-1972
  v.  :
    :  (JUDGE NEALON)
KEN CAMERON,  :  (MAGISTRATE JUDGE CARLSON)
SUPERINTENDENT, ET AL.,  :
    Respondents  :

**MEMORANDUM**

On October 29, 2008, Petitioner, Han Tak Lee, filed a petition for writ of habeas corpus pursuant to the 28 U.S.C. § 2254, requesting that this Court overturn his conviction because the science used to convict him in a 1990 jury trial of arson and murder in connection with the death of his daughter has been debunked. (Doc. 1). This petition was initially denied on September 22, 2010. (Doc. 18). Petitioner subsequently filed a Notice of Appeal, which was granted by Third Circuit Court of Appeals on February 21, 2012. (Docs. 23 and 24). The Third Circuit concluded Petitioner was entitled to additional discovery. See Han Tak Lee v. Glunt, 667 F.3d 397 (3d Cir. 2012). Additional discovery was conducted and an evidentiary hearing was held. Ultimately, because the scientific fire evidence used to convict Petitioner had been debunked, this Court conditionally granted the petition, and ordered that the Court of Common Pleas of

Monroe County either release or retry Petitioner within one hundred twenty (120) days from the Order date. (Docs. 93 and 94). On August 11, 2014, Petitioner filed a motion for immediate release, which was granted on August 20, 2014 for purposes of setting Petitioner's conditions of release at a bond hearing that then occurred on August 22, 2014 before Magistrate Judge Carlson. (Docs. 94, 99, and 100-104). Petitioner was released from custody on August 22, 2014 on bail conditions pending the resolution of this litigation on appeal. (Doc. 100-104).

On September 8, 2014, Respondents filed a Notice of Appeal in the Third Circuit Court of Appeals. (Doc. 105). This appeal is still pending. On December 9, 2014, Petitioner filed a motion for order issuing an indicative ruling under Federal Rule of Civil Procedure 62.1 that the writ has become absolute. (Doc. 107). Respondents filed a response on December 12, 2014. (Doc. 108). On December 15, 2014, Magistrate Judge Carlson issued a Report and Recommendation ("R&R"), recommending that this Court defer ruling on Petitioner's motion for order issuing an indicative ruling under Federal Rule of Civil Procedure 62.1 that the writ has become absolute until such time, if any, that the Third Circuit remand the case for such a ruling. (Doc. 109). On December 23, 2014, Petitioner filed a Notice of Non-objection to the R&R. (Doc. 110). For the reasons set forth below, the rationale of the R&R will be adopted, but the motion

for an indicative ruling will be denied without prejudice.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

**Discussion**

Initially, Magistrate Judge Carlson outlines the procedural history of the

case and the arguments made by both Petitioner and Respondents with regards to the instant motion. (Doc. 109, pp. 1-5). Further, Magistrate Judge Carlson provides a thorough explanation of Rule 62.1 of the Federal Rules of Civil Procedure, which permits a district court to defer or deny a motion when an appeal is pending. (Doc. 109, pp. 5-7). Ultimately, Magistrate Judge Carlson recommends that Petitioner's motion be deferred because "[g]iven this stated purpose for an indicative ruling, we concluded that such a ruling would not be prudential at this time for at least five reasons." (Id. at p. 7). The five reasons provided in the R&R as to why an indicative ruling is not permitted nor necessary at this time include the following: (1) the Third Circuit is fully cognizant of the stakes in the litigation; (2) this Court's prior ruling issued by the Undersigned "plainly describe[s] what is at stake in this case for all parties [,and,] [] [t]herefore a further elucidation is unnecessary;" (3) it would be inappropriate to issue an indicative ruling because it would "actually change the relief granted to Lee;" (4) Respondents have previously announced that they would not re-try the case if the Order conditionally granting the petition is affirmed on appeal; and (5) the Third Circuit will remand the matter to this Court for purposes of an indicative ruling if it deems it necessary. (Id. at pp. 7-9). After review, and in consideration of Petitioner's non-objection, this Court finds no clear error in Magistrate Judge

Carlson's R&R.  As such, the rationale of the R&R will be adopted.  However, this Court finds that denial of the motion, without prejudice to renew, more appropriate.

     A separate Order will be issued.

Date: March 5, 2015

                                             **/s/ William J. Nealon**
                                             **United States District Judge**