UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

HAN TAK LEE,
    Petitioner

v.

KEN CAMERON,
ET AL.,
    Respondents

CIVIL ACTION NO. 4:08-CV-1972

(Judge Nealon)

FILED
SCRANTON
JAN 19 2017
PER _____
DEPUTY CLERK

**MEMORANDUM**

**Background**

Presently before the Court is Petitioner's motion for reconsideration of this Court's Memorandum and Order, (Docs. 122-23), issued on January 5, 2016. (Doc. 124). Petitioner requests that this Court reconsider its denial of Petitioner's request to bar the Commonwealth of Pennsylvania from future prosecution against Petitioner of any charges relating to the 1989 fire that resulted in the death of his daughter. (Id.).

For the reasons set forth below, Petitioner's motion for reconsideration will be denied.

**Standard of Review**

A motion for reconsideration is a device of limited utility. It may be used only to seek remediation for manifest errors of law or fact or to present newly discovered evidence which, if discovered previously, might have affected the

court's decision. Harsco Corp. v. Zlotnicki, 779 F.2d 906 (3d Cir. 1985), cert. denied, 476 U.S. 1171 (1986); Massachusetts Mutual Life Insurance Co. v. Maitland, Civil No. 87-0827 (M.D. Pa. March 1, 1989) (Rambo, J.). Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. Max's Seafood Café v. Quineros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate in instances where the court has "...misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning, but of apprehension." See Rohrbach v. AT & T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)). It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided. Drysdale v. Woerth, 153 F.

Supp. 2d 678, 682 (E.D. Pa. 2001). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Casualty Co. v. Diversified Indus. Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

## Discussion

In the motion for reconsideration, Petitioner requests that this Court reverse its decision denying Petitioner's request to bar re-prosecution of Petitioner on charges arising from the death of his daughter in 1989, for the following "interrelated" reasons:

> (1) in requesting an order barring retrial, [P]etitioner did not contend that such relief was mandated by the words or intendment of the August 8, 2014 order "in itself;" (2) [P]etitioner never argued that it was the Commonwealth's failure to commence a retrial within 120 days of August 8, 2014, that entitled him to an order barring retrial; (3) this Court's [M]emorandum never addresses the arguments actually made by [] [P]etitioner in support of his request for relief; and (4) the Court's [M]emoramdum does not mention the controlling Third Circuit authority on this issue, which is not limited to situations (such as double jeopardy) where the constitutional violation at the original trial is itself the basis for barring any retrial.

(Doc. 125, p. 3).[1]

---

[1] To the extent that Petitioner asserts his motion should be granted as unopposed, it is well-established that "the court is not required to grant every unopposed motion." Walsh v. United States, 2006 U.S. Dist. LEXIS 39638, at *3 (M.D. Pa. June 15, 2005). Thus, Petitioner's assertion is unpersuasive, and the motion for reconsideration will be reviewed.

Initially, it is noted that Petitioner has never asserted that re-prosecution should be barred because the state did not retry him within the one hundred twenty (120) day period permitted in the conditional grant of writ or that re-prosecution should be barred based on this Court's August 8, 2014 Order. Petitioner is also not arguing that there was an intervening change in controlling law or that there is an availability of new evidence that was not available when this Court granted his habeas petition. Instead, he is arguing that there was a clear error of law that needs to be corrected to prevent a manifest injustice.

In support of this assertion, Petitioner relies on several decisions of the United States Court of Appeals for the Third Circuit. In each of these cases, the issue involved procedural delays on the part of the state court, not a time lapse between a conviction date and the date of a grant of a writ of habeas corpus petition. See Codisposti v. Howard, 589 F.2d 135 (3d Cir. 1978) (The Third Circuit held that because the petitioner's new trial motion filed in state court on the day of his sentencing twelve (12) years earlier had never been addressed by the state court, "[t]he trial court's delay in responding to his post-trial motions has stymied his appeal and barred judicial review" and warranted an evidentiary hearing at the trial court level to determine "whether there were errors committed at Codispoti's trial which were of a constitutional dimension. If there were

constitutional violations, the court should further determine whether a new trial should be held or whether due to the passage of time [from the state court appeal] the charges must be dismissed. Even if the court concludes that there were no constitutional violations at the original state trial, the court is free to consider whether the sheer length of the delay in deciding the new trial motion is a violation of Codispoti's constitutional rights."); Heiser v. Ryan, 951 F.2d 559, 564 (3d Cir. 1991) (The Third Circuit reversed the district court's denial of the petition for writ of habeas corpus and remanded back to the court for an evidentiary hearing on the allegations set forth in the petition that the petitioner's procedural due process rights were violated by the state court's failure to rule on both his motion to withdraw his guilty plea and his PCHA petition, and held that "Normally, the remedy for a due process violation is not discharge . . . [] discharge is appropriate when 'attempting an alternative remedy would not vitiate the prejudice of the fundamental unfairness or would itself violate a petitioner's constitutional rights.'"(quoting Burkett v. Cunningham, 826 F.2d 1208, 1221 (3d Cir. 1987), *overruled by* Betterman v. Montana, 136 S. Ct. 1609 (2016)).[2] Based on these cases, Petitioner argues the following:

> . . . [P]etitioner relies on and invokes this Court's discretion at

---

[2] It is noted that Petitioner is attempting to reargue an assertion based on these Third Circuit cases that was unsuccessful on a matter that was previously decided by this Court on January 5, 2016. See Drysdale v. Woerth, 153 F. Supp. 2d at 682; (Doc. 115, pp. 5-8); (Doc. 122, pp. 15-18).

this time and under all the present, post-remand circumstances, to evaluate whether "the prejudice of the fundamental unfairness" (Heiser, quoting Burkett), found by this Court in [Petitioner]'s case (and affirmed by the Third Circuit) is such, "due to the passage of time" (Codispoti), that it could not be "vitiated" (Heiser) by a new trial.

In light of the history of this case (Codispoti), it is only fair that [Petitioner] be judicially declared forever free from any fear of re-prosecution on the same charges. In exercising its remedial discretion under controlling precedent, [P]etitioner asks that this Court take into consideration [] [P]etitioner's age (nearing 81), the passage of time since the fatal fire (26 ½ years), the paucity, loss or destruction of most of the original physical and laboratory evidence, without which [Petitioner] almost certainly will never be able to prove (or even scientifically establish a reasonable doubt) whether the fire started by accident, the belated revelation through discovery and hearing before Magistrate Judge Carlson that misleading if not false testimony was presented against him at trial by the now-deceased state police lab chemist, Thomas Pacewicz, and then emphasized in argument to the jury by the District Attorney, the deaths and faded memories of other witnesses, [Petitioner]'s 24 years of unjust incarceration (and all the personal losses associated with that incarceration), the effect of that incarcerations and passage of time on [Petitioner]'s ability to testify reliably in his own behalf at any retrial, the weakness of the original case (apart from the now-discredited "fire science" evidence), and the District Attorney's inaction and professed decision not to reprosecute (premised on his admission that such would be virtually impossible).

The interests of justice require that this Court now take firm and final action to formally end the case in the exercise of its discretion under 28 U.S.C. § 2243, as guided by Third Circuit case law. After 15 years post-conviction litigation, [P]etitioner should now have the benefit of a federal court determination

> that he is free not only from all present custody under the state court's judgment (as this Court has already held), but also from any future jeopardy arising out of the tragedy that befell his family in July 1989. With the passage of so much time, [Petitioner] deserves, as a matter of fairness, to be relieved of any lingering concern in this regard and to know that the entire, sad episode has finally and completely been brought to a conclusion.

(Doc. 125, pp. 5-6) (footnote omitted).

Thus, Petitioner is requesting that this Court reconsider its denial of Petitioner's request for a bar on re-prosecution based on the assertion that there is a clear error of law that needs to be corrected to prevent the manifest injustice of being re-prosecuted in light of the aforementioned circumstances. However, Petitioner has failed to point to relevant case law that supports his position that a clear error of law was present. Instead, the aforementioned Third Circuit cases he relies on for support present very different factual circumstances from the one at hand, and, more importantly, make no absolute determination that an appropriate remedy would be discharge of an underlying charge or bar of retrial to prevent injustice. Instead, these cases involve state court-created procedural delays between a conviction and an appeal, and have nothing to do with barring re-prosecution after the grant of a writ of a habeas petition due to passage of time from the conviction to the grant of the habeas petition. Furthermore, in each of

these cases, the issue was remanded for an evidentiary hearing to decide whether there was just cause for the state court delay. Again, none of these cases made a determination that discharge of the indictment or a bar of re-prosecution was, in fact, an appropriate remedy.

In the case at hand, the question is not whether there was a procedural delay on the part of the state court that led to a possible violation of Petitioner's constitutional rights, but rather whether this Court has a basis to forever bar re-prosecution based on the passage of time from a conviction that has since been overturned by this Court's grant of the writ of habeas corpus petition. On January 5, 2016, this Court determined the following:

> Courts generally allow for the release of a prisoner subject to the state's right to detain him on the underlying indictment. As in Irwin v. Dowd, the Supreme Court granted habeas relief[,] but noted that the "petitioner is still subject to custody under the indictment filed by the State . . . and may be tried on this or another indictment." 366 U.S. 717, 728 (1961); see also Chessman v. Teets, 354 U.S. 156, 166 (1957) ("We . . . remand the case to the District Court, with instructions to enter such orders as may be appropriate to allow California a reasonable time within which to take further proceedings not inconsistent with this opinion, failing which the petitioner shall be discharged.").
>
> An order conditionally dismissing the underlying indictment is warranted only in narrow circumstances. Because the habeas court can act solely on the body of the prisoner, it ordinarily lacks the power to order the dismissal of an indictment. Even

> when the state fails to retry a defendant within the time set by a habeas court so the writ issues, freeing the defendant, the state is generally free to re-arrest and retry the defendant on the original indictment. See Moore v. Zant, 972 F.2d 318, 320 (11th Cir. 1992) ("[I]f the state fails to correct the defect within the given time and the prisoner is released from custody, the state may ordinarily still rearrest and resprosecute that person.").

(Doc. 122, pp. 16-17).

Contrary to Petitioner's assertion that this Court ran afoul of Third Circuit case law, the aforementioned case law from the Order issued on January 5, 2016, had already been adopted by the Third Circuit when this Court issued its Order denying the request for a bar on re-prosecution. In Wilson v. Beard, the Third Circuit stated the following:

> Our April 19, 2004 Order, moreover, does not prevent the Commonwealth from ever retrying Wilson for Swift's murder. When a habeas writ is issued, "[i]t is petitioner's conviction, not his indictment, which has been declared unconstitutional by the federal court." Carter, 781 F.2d at 998 (citation omitted). Consequently, once the writ becomes absolute, the petitioner's "position is now no more or less than that of any other state-indicted, not-yet-tried individual." Id. As the United States Court of Appeals for the Sixth Circuit has explained:
>
>> That a petitioner's first trial was unconstitutional in some respect, generally does not mean he can never be tried again. The power to "release" a prisoner under § 2254 normally is not a power to release him forever from the underlying charge. It is the power, instead, only to release him from

> custody pursuant to the unconstitutional judgment.

> Eddleman v. McKee, 586 F.3d 409, 413 (6th Cir. 2009); see also Scott v. Michigan State, 359 F. App'x 579, 582 (6th Cir. 2009) (stating that the state is not precluded from rearresting a successful habeas petition and "'retrying him under the same indictment'" (quoting Satterlee v. Wolfenbarger, 453 F.3d 362, 370 (6th Cir. 2006), and citing Wilkinson v. Dotson, 544 U.S. 74, 83, 125 S. Ct. 1242, 161 L. Ed. 2d 253 (2005))); Foster v. Lockhart, 9 F.3d 722, 727-28 (8th Cir. 1993) ("If the state fails to correct the defect within the given time and the prisoner is released from custody, the state may usually still rearrest and reprosecute the prisoner." (citing Moore v. Zant, 972 F.2d 318, 320 (11th Cir.1992)). We conclude, accordingly, that our April 19, 2004 Order does not, in itself, bar the Commonwealth from retrying Wilson even though it failed to commence proceedings related to the retrial within the 180 day time period and that the Commonwealth's failure to retry Wilson within that period did not violate the terms of the Writ. The Motion to Enforce is, therefore, denied.

2012 U.S. Dist. LEXIS 55986 (E.D. Pa. April 20, 2012), *aff'd*, Wilson v. Sec'y, Pa. Dep't of Corr., 782 F.3d 110 (3d Cir. 2015).

Upon examination of the aforementioned case law in support of this Court's January 5, 2016 Memorandum and Order denying Petitioner's request to bar re-prosecution, it is determined that: (1) Petitioner is attempting to reargue an assertion based on these Third Circuit cases that was unsuccessful on a matter that was previously decided by this Court on January 5, 2016; and (2) there is no clear error of law on which this Court relied in arriving at the determination that re-

prosecution should not be barred that needs to be corrected to prevent a manifest injustice, as Petitioner argues. Consequently, Petitioner's motion for reconsideration does not raise or set forth any arguments that call into question this Court's Memorandum and Order of January 5, 2016. That Order is not troubled by manifest errors of law or fact, and Petitioner has not presented anything new, which if previously presented, might have affected our decision. As such, the motion for reconsideration will be denied.

    A separate Order will be issued.

Date: January 19, 2017

                                                 **/s/ William J. Nealon**
                                                 **United States District Judge**